UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL KING, ) | Case No. 2:12-cv-01704-JCM-PAL |
| Plaintiff, ) | **ORDER** |
| vs. ) | (Mtn to Quash - Dkt. #63) |
| EQUIFAX INFORMATION SERVICES, ) LLC, et al., ) | |
| Defendants. ) | |

This matter is before the court on Defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac") Motion to Quash Proof of Service (Dkt. #63), which was filed in the same document with Plaintiff's Response to Plaintiff's Motion for Default (Dkt. #61) and Freddie Mac's Counter-Motion to Set Aside Default (Dkt. #62). The Motion to Quash Proof of Service (Dkt. #63) was referred to the undersigned. No response to the Motion to Quash was filed, and the time for filing one has now run.

Plaintiff Michael King filed his Complaint (Dkt. #1) on October 2, 2012. Plaintiff attempted to serve the Complaint and Summons on Freddie Mac by mailing it via certified mail. *See* Proof of Service (Dkt. #16). Freddie Mac contends that service was insufficient pursuant to Rule 4(h)(1)(B) and Rule 4(e)(1) of the Federal Rules of Civil Procedure. Rule 4(e)(1) permits service pursuant a state statute, and Plaintiff did not comply with NRS 14.030–Nevada's long arm statute for serving process on a foreign business entity like Freddie Mac.

Plaintiff has not responded to the Motion. Pursuant to the Local Rules of Civil Practice, the failure of an opposing party to file points and authorities in response to a motion constitutes a consent to the granting of the motion. LR 7-2(d). The Motion can be granted on this basis alone. The court will also, however, consider the merits.

In order to serve a corporation, a party must deliver a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive sercice of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a party may serve a corporation in the manner prescribed by Rule 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) provides, in relevant part, that an individual may be served by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1).

In order to serve process upon a foreign entity doing business in Nevada, a party must personally serve that entity's registered agent. NRS 14.020. Where the foreign entity does not have a Nevada registered agent, service should be made by delivering a copy of the summons and complaint to the Nevada Secretary of State, or any deputy Secretary of State, along with a ten dollar fee. NRS 14.030(1). Additionally, a plaintiff serving a foreign entity via the Nevada Secretary of State must also make and file an affidavit setting forth facts to show due diligence was used to ascertain the whereabouts of the officers of the foreign entity and the facts showing the reason(s) that direct personal service on the officer cannot be made. NRS 14.030(3). Once the fee is paid and the affidavit filed, a plaintiff must mail the summons and complaint to the foreign corporation by registered or certified mail. NRS 14.030(4).

Freddie Mac represents that it is a foreign corporation doing business in Nevada without a registered agent Nevada. Therefore, Plaintiff was required to comply with the procedures set forth in NRS 14.030 in order to properly serve Freddie Mac with process. He did not comply with those procedures, and instead served the Summons and Complaint on Freddie Mac by certified mail. See Proof of Service (Dkt #16-1). This service is ineffective under Rule 4(e) of the Federal Rules and NRS 14.030.

Accordingly,

/ / /

/ / /

/ / /

**IT IS ORDERED:**

1. Defendant Freddie Mac's Motion to Quash Proof of Service (Dkt. #63) is GRANTED.
2. Plaintiff's Proof of Service on Freddie Mac (Dkt. #16-1) is QUASHED.

Dated this 12th day of April, 2013.

                                                                                                   PEGGY A. LEEN
                                                                                                  UNITED STATES MAGISTRATE JUDGE