**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL KING,

    Plaintiff(s),

v.

EQUIFAX INFORMATION ,

    Defendant(s).

2:12-CV-1704 JCM (PAL)

**ORDER**

Presently before the court is defendant CitiMortgage, Inc.'s ("CMI") motion for summary judgment. (Doc. # 99). Plaintiff Michael King filed a response in opposition (doc. # 104), and CMI filed a reply (doc. # 105).

**I.     Background**

This matter arises out of credit reporting regarding payment of a Freddie Mac loan serviced by CitiMortgage.

Plaintiff has alleged that defendant CMI incorrectly reported that the mortgage was settled for less than full balance to credit reporting agencies.

The property was sold in August of 2009, and CMI released the deed of trust securing the loan in February 2010. (Doc. # 99 at p. 2). Plaintiff then disputed CMI's reporting of the debt and sale to credit reporting agencies. (Doc. # 104 at p. 3).

Plaintiff brought claims against Experian, TransUnion, Equifax, and Freddie Mac in addition to the claims against CMI. (Doc. # 1). The claims against Experian and TransUnion have been

**James C. Mahan**
**U.S. District Judge**

settled. (Docs. # 79 and 95). Freddie Mac filed a motion to dismiss and the court granted it. (Doc. # 78).

The complaint alleges violations of the Fair Credit Reporting Act ("FCRA"), credit defamation, and negligence by CMI.

## II. Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
2  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions
3  of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th
4  Cir. 1987).

5  In other words, the nonmoving party cannot avoid summary judgment by relying solely on
6  conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045
7  (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the
8  pleadings and set forth specific facts by producing competent evidence that shows a genuine issue
9  for trial. *See Celotex Corp.*, 477 U.S. at 324.

10  At summary judgment, a court's function is not to weigh the evidence and determine the
11  truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*,
12  477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable
13  inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is
14  merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at
15  249–50.

16  **III.   Discussion**

17  Each of plaintiff's claims rest on the argument that defendant provided an inaccurate
18  statement to the credit reporting agencies regarding his mortgage balance.

19  Defendant argues that summary judgment must be granted in its favor because the reported
20  information was accurate. (Doc. # 99 at p. 5). To support this, defendant has provided a number of
21  exhibits showing that the sale of plaintiff's property was a "short sale" that resulted in payment to
22  defendant of $184,040. (Doc. # 99 at p. 6). Defendant has alleged that the principal balance due on
23  the loan was $287,201.98, leaving $105,161.97 unpaid. (Doc. # 105 at p. 3).

24  Plaintiff does not dispute the amount paid nor the principal balance that remained, yet he still
25  claims that the reported information was not accurate. (Doc. # 104 at p. 5). In support, plaintiff refers
26  to the full deed of release prepared by defendant which states that "said Deed of Trust and Note or
27  Notes has or have been FULLY paid and satisfied." (Doc. # 99-6). Additionally, plaintiff refers to

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  a letter defendant sent him two years later which confirmed that his "mortgage account was paid in
2  full on February 08, 2010." (Doc. # 104-1).

3      In this case, defendant reported that plaintiff's loan was "settled for less than full balance."
4  (Doc. # 99 at p. 5). The parties do not dispute that the amount paid on the loan was less than the full
5  amount remaining on the mortgage. Plaintiff's cited evidence does not establish a dispute over
6  whether the loan had been settled for anything other than "less than full balance." Plaintiff provides
7  no evidence that the loan principal was completely paid off. Plaintiff relies only on statements that
8  show the mortgage account was settled.

9      Because defendant has provided uncontroverted evidence demonstrating that the full balance
10  on the mortgage–i.e., $287,201.98–was not satisfied, it's statements to the credit reporting agencies
11  to that effect were true.

12      Therefore, the court finds that no genuine issue for trial exists, and defendant's motion for
13  summary judgment on each claim is granted.

14      Accordingly,

15      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for
16  summary judgment (doc. # 99) be, and the same hereby is, GRANTED.

17      DATED June 26, 2014.

                                                                                                                                                                              **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -